**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEITH L. STARKS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-18-0076-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE:　December 7, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Kristine Hale Bell, Esquire, and E. Patrick Gilman, Fort Leavenworth,
　　Kansas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal. He argues that the administrative judge erred in finding that the agency proved the charge, the agency did not commit harmful procedural error in removing him, and the penalty of removal was reasonable. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to further address the appellant's chain of custody argument and apply the correct standard to the appellant's affirmative defense of reprisal for filing a Board appeal, we AFFIRM the initial decision.

¶2     The administrative judge determined that the agency proved that the chain of custody of his urine sample was maintained and verifiable. Initial Appeal File (IAF), Initial Decision (ID), Tab 74 at 5-8. To the extent that it is unclear from the initial decision, we find that the Fort Mead Forensic Toxicology Lab (FTDTL) implemented the double billable stamp system. IAF, Tab 66, Hearing Recording, Day 1, Part 3 at 21:00-34:00 (testimony of the FTDTL Technical Director). Consistent with the system, the agency followed the FTDTL's procedures for packaging and shipping the sample by FedEx to its Crofton, Maryland warehouse, and an FTDTL employee delivered the package from the warehouse to the FTDTL by a Government vehicle, where it was entered into the FTDTL's system. ID at 7-8; IAF, Tab 9 at 47, Tab 38 at 45, Tab 66, Hearing Recording, Day 1, Part 3 at 21:00-34:00, Part 4 at 7:00-14:00 (testimony of the FTDTL Technical Director). On review, the appellant contends that the FTDTL employee responsible for delivering the package failed to sign the chain of custody form, thereby breaking the chain of custody and rendering the agency unable to

establish that the sample belonged to him. Petition for Review File, Tab 3 at 10-13. We disagree. The administrative judge found that FedEx employees were not required to sign the Federal Chain of Custody Form (CCF), and, even if they were, their failure to do so was not harmful. ID at 7-8; IAF, Tab 9 at 47-54; *see Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 9 (2016) (explaining that an agency's failure to comport with chain of custody procedures is reviewed under a harmful error standard). We extend this finding to the FTDTL employee who was responsible for picking up the appellant's sample for the same reasons. ID at 7-8; IAF, Tab 9 at 455-56. In any event, the agency presented evidence showing an unbroken chain of custody. The CCF identified the agency employee, the agency's Drug Testing Coordinator, who packaged and mailed the sample by FedEx. IAF, Tab 9 at 47. The FedEx tracking information identified the individual who signed for the package at the FedEx warehouse. IAF, Tab 38 at 45. The CCF also identified the first FTDTL employee, the Specimen Controller, to access the sample once it arrived at the FTDTL and confirmed that the sample identification matched that of the sample prepared and shipped by the agency. IAF, Tab 9 at 47, 51. Further, the sample's seal was unbroken upon arrival at the FTDTL, assuring that it had not been tampered with during transit. *Id.* Given this evidence, we agree that the agency proved that the sample tested belonged to the appellant. *See Boykin v. U.S. Postal Service*, 51 M.S.P.R. 56, 58 (1991) (finding that the agency failed to show the positive drug test was valid because it produced no evidence indicating how the sample arrived at the laboratory for testing).

¶3      The administrative judge also found that the appellant did not meet his burden of proving his race discrimination affirmative defense. ID at 13-15. To establish a claim of discrimination or reprisal for equal employment opportunity (EEO) activity arising under Title VII, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22. In

reviewing the administrative judge's analysis, we find that the administrative judge properly considered the evidence as a whole. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision. *See id.*, ¶¶ 20-22, 29-33..

¶4    Regarding the appellant's claim that the agency removed him in reprisal for filing a Board appeal, the administrative judge construed this affirmative defense as a claim of reprisal for engaging in protected EEO activity in violation of 42 U.S.C. § 2000e–16. However, there is no indication that the appellant alleged whistleblowing reprisal or an EEO claim in his prior appeal. *Starks v. Department of the Army*, MSPB Docket No. DE-315H-09-0530-I-1, Initial Decision at 1-11 (June 25, 2010). Thus, the administrative judge applied the wrong legal standard in analyzing this claim, and we modify the initial decision accordingly.

¶5    For an appellant to prevail on an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), if he does not allege reprisal for EEO activity protected under Title VII, he must show that: (1) he engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 493, ¶ 8 (2016). To establish a genuine nexus, an appellant must show that the adverse action was taken because of his protected activity. *Id.* This requires the Board to weigh the severity of the appellant's alleged misconduct against the intensity of the agency's motive to retaliate. *Id.*

¶6    Although the administrative judge applied the incorrect standard in considering the appellant's retaliation affirmative defense, we find that remand is unnecessary. *See Slater v. Department of Homeland Security*, 108 M.S.P.R. 419,

¶ 12 (2008) (declining to remand because the parties addressed the relevant factual dispute, there was no need for additional development of the record to resolve it, and its resolution did not require making factual findings based on witnesses' demeanor), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 14.  The administrative judge apprised both parties of, and allowed them to address, the relevant factual dispute—whether the involved management officials had a motive to retaliate against the appellant.  ID at 13-16; IAF, Tab 33 at 2.  The administrative judge also made detailed findings on this dispositive issue, concluding that the proposing and deciding officials lacked any motive to retaliate against the appellant because of his prior Board appeal.  ID at 14-16.  The appellant does not contest these credibility-based findings on review, and we discern no basis for disturbing them.  *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (providing that an administrative judge's explicit and implicit credibility-based findings generally are entitled to deference).  We therefore find that the appellant did not prove genuine nexus, and any error in the administrative judge's analysis of this affirmative defense was harmless.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).  Accordingly, we affirm, as modified, the administrative judge's finding that the appellant did not prove that the agency removed him in reprisal for filing a Board appeal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


Jennifer Everling

FOR THE BOARD:                    _____

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.